# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

**MICHAEL LONG**      **PLAINTIFF**

**V.**      **NO. 4:10CV018-P-S**

**CARROLL COUNTY, et al.**      **DEFENDANTS**

## MEMORANDUM OPINION

This matter is before the court, *sua sponte*, for consideration of dismissal in accordance with 28 U.S.C. §§ 1915(e)(2) and 1915(A). The Plaintiff, an inmate in the custody of the Mississippi Department of Corrections, filed this complaint *pro se* pursuant to 42 U.S.C. § 1983. The Plaintiff is attempting to maintain a claim for retaliation. In his pleadings, the Plaintiff complains that was transferred from one facility to another in retaliation for helping another inmate complete a grievance form. For relief of this perceived transgression, the Plaintiff is seeking an order that would prohibit "retaliatory transfers" and officials' interference with the preparation of "legal work" along with monetary damages.

After carefully considering the contents of the *pro se* complaint and giving it the liberal construction required by *Haines v. Kerner*, 404 U.S. 519 (1972), this court has come to the following conclusion.

### Retaliation

The Plaintiff simply avers that "in an act of retaliation [he was] moved from" one facility to another for helping another inmate complete the administrative remedy program. To state a claim for retaliation under § 1983, a plaintiff must allege (1) a specific constitutional right; (2) the defendant's intent to retaliate against the prisoner for exercise of that right; (3) a retaliatory adverse act; and, (4) causation. *Jones v. Greninger*, 188 F.3d 322, 325 (5th Cir. 1999). Retaliation against a prisoner is actionable only if it is capable of deterring a prisoner of ordinary firmness from further exercising his constitutional rights. *Bibbs v. Early*, 541 F.3d 267, 270 (5th Cir. 2008). An inmate

must allege more than *de minimis* retaliation to proceed with a claim. *Morris v. Powell*, 449 F.3d 682, 684-85 (5th Cir. 2006). A single incident involving a minor sanction, is insufficient to prove retaliation. *Id.* at 685 (citing *Gibbs v. Kings*, 779 F.2d 1040, 1046 (5th Cir. 1986)). An inmate's personal belief that he is a victim of retaliation is not sufficient to support a claim. *Jones*, 188 F.3d at 325. Conclusory allegations are also insufficient to establish a claim of retaliation. *Wilson v. Budney*, 976 F.2d 957, 958 (5th Cir. 1992).

The Plaintiff has failed to satisfy the first element necessary to maintain a retaliation claim–a constitutional right. It is well settled that inmates have neither a protectable property or liberty interest to any particular housing assignment or custodial classification, either under the United States Constitution or under Mississippi law. *Meachum v. Fano*, 427 U.S. 215, 224, 96 S. Ct. 2532, 49 L. Ed. 2d 451 (1976); *Wilson v. Budney*, 976 F.2d 957, 958 (5th Cir. 1992); *McCord v. Maggio*, 910 F.2d 1248, 1250 (5th Cir. 1990) (citations omitted); Miss. Code Ann. §§ 47-5-99 to -103 (1993). Inmates also have no right to assist other inmates with filing grievances or the preparation of legal documentation. *See Shaw v. Murphy*, 532 U.S. 223, 228, 121 S. Ct. 1475, 149 L. Ed. 2d 420 (2001). Since inmates have no right to a particular housing assignment or the right to provide legal assistance to other inmates, the Plaintiff has failed to satisfy the first element of a retaliation claim.

The Plaintiff's failure to satisfy one element is fatal to his claim. Additionally, however, the Plaintiff has failed to allege the existence of a legally sufficient adverse act–the third element. Transferring the Plaintiff from one facility to another does not qualify as an "adverse act." *See Tighe v. Wall*, 100 F.3d 41, 42 (5th Cir. 1996) (inmate's allegation that defendant retaliated against him by removing him from a job and transferring him to another facility was inadequate to support a retaliation claim because inmate had not constitutionally protected interest in a particular facility or work assignment); *cf. Morris v. Powell*, 449 F.3d 682, 687 (5th Cir. 2006) (transfer to a more dangerous prison is a sufficiently adverse retaliatory act to support a 1983 claim). The Plaintiff, therefore, cannot state a claim of retaliation based upon being transferred to a different facility.

Finally, the Plaintiff has not identified any constitutional violation that was personal in nature. It is well settled that "a section 1983 claim must be based upon the violation of plaintiff's personal rights, and not the rights of someone else." *Archuleta v. McShan*, 897 F.2d 495, 497 (10th Cir. 1990) (citations omitted); *Coon v. Ledbetter*, 780 F.2d 1158, 1160-61 (5th Cir. 1986). "[L]ike all persons who claim a deprivation of constitutional rights," each Plaintiff is "required to prove some violation of [his] personal rights." *Coon*, 780 F.2d at 1160-61 (citations omitted). The allegations of the complaint do not appear to be personal in nature. Rather, the Plaintiff stated that he was attempting to help another inmate process his grievance. Thus, there is no right personal to the Plaintiff sufficient to maintain a 1983 claim.

## Conclusion

The Plaintiff has failed to state a claim upon which relief may be granted. The complaint shall be dismissed with prejudice in accordance with 28 U.S.C. §§ 1915(e)(2) and 1915(A), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2009).

A final judgment in accordance with this opinion will be entered.

THIS the 6th day of April 2010.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE